## Warbington *v.* Norris.

On demurrer to the declaration, it is discretionary with the court, under the statute, to allow the plaintiff to amend and go to trial *instanter*.

The statute authorises the court to reject a demurrer whenever it shall be manifestly frivolous and intended only for delay.

Where the judgment was for " five hundred dollars and fourteen cents, the amount of the promissory note in said plaintiff's declaration mentioned with costs:" *Held*, although the judgment is not technically formal, yet it is substantially correct.

ERROR to the circuit court of Lauderdale county.

This was an action of *assumpsit* on a promissory note.

At July Special Term, 1838, demurrer to declaration sustained, with leave to amend.

To amended declaration, was filed the following, to wit:— " Demurrer in short for the following causes; to wit:—1.  Because, it does not appear in and by the breach of said declaration, that the said defendants did not pay the amount therein demanded, jointly, according to the promise in said declaration."

This was objected to by the court, as frivolous—and the defendants failing to make affidavit of merits and plead, but saying nothing in bar of said plaintiff—judgment for " five hundred dollars and fourteen cents the amount of the promissory note in said plaintiff's declaration mentioned, together with costs."

Motion to set aside the judgment on account of rejecting the demurrer as frivolous, overruled.  Writ of error to this court.

Heyfron, for plaintiff in error.

Lea, *contra.*

1. The first assignment of error, to wit, that defendants below were required to go to trial instanter on sustaining the demurrer, is not true in fact; for they had leave, and did pretend, to demur

[Warbington *v.* Norris.]

to the amended declaration. If the assignment was intended to assert a right in the defendants below to have a continuance on the sustaining of the demurrer, it is a mistake in law. The discretion of the court was rightly exercised in this case; but, if not, it was purely a matter of discretion in the court below, not subject to revision on error in this court. 3 Com. Dig. 566, Error (A), and cases there cited.

2. The second assignment, for setting aside demurrer to amended declaration as frivolous, is answered by a new inspection of that pretended demurrer; but the supposed objection to the declaration is a plain mistake.

3. The third assignment, for giving judgment on rejecting the frivolous demurrer, the defendants below failing to show merits by affidavit and plead, is answered by the Rev. Code, p. 119, 120.

4. The fourth assignment, that the judgment is not given for damages, is almost too idle to be noticed, as the judgment is given for the proper number of dollars.

5. The fifth assignment, that the part of the judgment for costs is not for any certain sum thereof, is an objection to all practice, and to what is absolutely necessary. But *id certum est, &c.*

Mr. Justice TROTTER delivered the opinion of the court.

There are several errors assigned, all of which may, however, be reduced to the following points:—

1. Was the court right in permitting the plaintiff to amend his declaration, and proceed to trial at the same term?

2. Did the court err in rejecting the demurrer to the amended declaration?

3. Is the judgment in the proper form?

1. The 99th section of the circuit court law, Revised Code, p. 126, confers upon the circuit courts, full power to allow amendments to be made in all proceedings whatsoever before verdict, upon such terms as they in their discretion shall think just. The court in this case, exercised a discretion conferred upon it by law, and this court has no power to revise its determination upon error. 3 Comyn's Dig. p. 566, Error, A.

2. Upon the second point, presented by the assignment of errors, there can be no difficulty. The statute authorises the court

[Warbington *v.* Norris.]

to reject a demurrer whenever it shall appear to be manifestly frivolous, and intended only for delay. The demurrer in this case was evidently of this character, and the court did right in refusing to receive it, and in rendering a final judgment for the plaintiff. The defendants presented no affidavit of merits as the statute directs in such cases. And the judgment was, therefore, properly rendered.

3. The last ground of error is to the form of the judgment. But this objection we deem altogether unfounded. The judgment is for the sum of " five hundred dollars and fourteen cents, the amount of the promissory note in said plaintiff's declaration mentioned," &c. This judgment is well authorised by the pleadings, and though it is not technically formal, yet it is substantially correct.

Let the judgment be affirmed, with damages and costs.